LILLIAN BLAISDELL *vs.* HAROLD S. PRATT.

Androscoggin County. Decided February 24, 1930. On exceptions to an ordered verdict in defendant's favor. Action for damages based on alleged malpractice of physician.

Defendant attended plaintiff during childbirth. Following her delivery, plaintiff was in hospital several weeks suffering from acute metritis and undergoing very considerable pain and suffering, for which she desires to hold defendant responsible.

Obliged to base her claim on negligence, she sets up two propositions: (1) that defendant did not give her case the attention which it merited and which the law demands from a physician who undertakes to treat a patient, and (2) that defendant "carelessly allowed a portion of the placenta to remain in plaintiff's body."

Defendant first saw the case on Thursday, July 19; the child was born Saturday morning; plaintiff was removed to the hospital on the afternoon of Monday. In the meantime, defendant had made seven calls in person and had conferred with the nurse four times over the telephone.

Complaint of neglect is based on failure to make personal call on Sunday. During a part of that day, he was engaged in attending another confinement case and during the entire day and night was in close touch with this case, advising and instructing the nurse,

once in a personal interview at his office and several times over the telephone. There is no evidence upon which to base a charge of neglect. On the other hand, defendant appears to have given the case a greater degree of attention than is usual or ordinarily possible.

The second complaint has no more foundation than the first. There was a conflict of testimony as to whether or not a portion of the placenta failed of removal when the child was born. But if such were the case, negligence on the part of defendant could not be predicated on that fact, nor could the troubles which afterwards arose and which compelled hospital treatment be attributed to it.

In ordering a verdict for the defendant, the presiding Justice committed no error. On the contrary, he exercised a wise discretion. Had the case been presented to a jury and a finding for plaintiff resulted, the verdict could not have been sustained. The case is devoid of any evidence which would warrant such a verdict. Exceptions overruled. *Frank A. Morey,* for plaintiff. *Locke, Perkins & Williamson,* for defendant.